In the Matter of the Claim of SAM J. GERDANO, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.

Third Department, July 9, 1956.

*Jacob K. Javits, Attorney-General (Francis R. Curran* and *James O. Moore, Jr.,* of counsel), for appellant.

*Chester J. Winslow, Jr.,* for respondent.

FOSTER, P. J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held that claimant was disqualified for benefits because he voluntarily left his employment without good cause. The initial determination of the commissioner was that claimant was disqualified because he refused an offer of employment without good cause. There is a distinction in the statute between the two kinds of disqualification (Unemployment Insurance Law, § 593 [Labor Law, art. 18]). An employee who quits his work without good cause must wait 42 days after his registration for benefits, if he has not withdrawn from the labor market, before he is eligible for benefits. On the other hand a claimant who refuses without good cause an offer of employment for which he is reasonably fitted is not entitled to benefits at all.

Claimant worked for 13 years with the Remington Rand Company in various capacities. During the year previous to the filing of his claim he was employed as an assembler in grade 7. On July 23, 1954 he was laid off for an indefinite period.

Claimant is a member of the Electrical Workers Union which has a labor agreement with the employer. Under such agreement the employer was required to offer claimant employment in either a similar or lower grade, if and when such a position became available. Under the agreement claimant also retained seniority rights for a period of 12 months following his lay off.

On August 19, 1954 and in accordance with the labor agreement, the employer offered claimant a job as an electrical assembler in grade 4, which paid approximately 12 cents less an hour than the job he previously had. Claimant refused this offer because he believed the pay was too low; that he was being down graded; and also because he thought that if he accepted the offer it would prevent him from returning to his former grade 7 job when it became available.

Appellant argues in effect that because the lay off was for an indefinite period, and claimant subsequently refused an offer of employment in a lower grade, he must be disqualified as a matter of law for a refusal of employment, rather than disqualified, as the board has found, for leaving his employment without good cause. Decisions of the board in other cases, involving this issue and apparently inconsistent, are cited. We need not be concerned with such inconsistencies, but we are concerned with our power to interfere with the administration of the statute in an area of factual dispute. In this case we do not deem it clear as a matter of law that claimant's employment was severed because he was laid off for an indefinite period. He still retained seniority rights and the employer was obligated to offer him employment in a similar or lower grade if and when the same became available. Thus, the evidence shows something more than a flat discharge. There is an implication of future recall to his former grade or employment in a lower grade. However slight the evidence of this may be from our viewpoint it is not our function to weigh it. And we know of no rule of law that required the board to find claimant's severance from employment so complete that he became disqualified under the second subdivision of the statute instead of the first one. An issue of industrial relations such as this cannot be neatly catalogued under a rule of law. While the ruling contended for by the appellant commissioner may have a more simple and logical appeal we think the choice must be that of the board.

The determination should be affirmed, without costs.

COON, HALPERN, ZELLER and GIBSON, JJ., concur.

Determination affirmed, without costs.